**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| LOGAN GREEN, ) | |
|  ) | Case No. 20-CV-0965-SPM |
| Plaintiff, ) | |
|  ) | Honorable Stephen P. McGlynn |
| v. ) | |
|  ) | |
| STEPHANIE WAGGONER, *et al.*, ) | |
|  ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, STEPHANIE WAGGONER and SHAWN DUFFY, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), provide a Memorandum of Law in Support of their Motion to Dismiss, stating as follows:

**INTRODUCTION**

Plaintiff, Logan Green, was an inmate incarcerated within the Illinois Department of Corrections at Vandalia Correctional Center ("Vandalia") until December 13, 2018. [d/e 1]. On December 13, 2019, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Illinois. [d/e 1]. On September 22, 2020, the case was transferred to the Southern District of Illinois. [d/e 35]. Through his Complaint, Plaintiff alleges Defendants Waggoner and Duffy violated Plaintiff's Due Process rights under the Fourteenth Amendment to the U.S. Constitution; falsely imprisoned Plaintiff; and/or subjected Plaintiff to cruel and unusual punishment in violation of the Eight Amendment to the U.S. Constitution. [d/e 1]. Specifically, Plaintiff challenges his incarceration at Vandalia

Correctional Center until December 13, 2018. [d/e 1].

Defendants now move to dismiss Plaintiff's claims as Plaintiff lacks standing to bring suit. Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's claims must be dismissed as Plaintiff's claims have not yet accrued due based on the favorable termination requirement espoused in *Heck* and *Savory*. *See Heck v. Humphrey*, 512 U.S. 477 (1997); *see also Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

## **LEGAL STANDARD**

A Motion to Dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. Fed. R. Civ. Pro. 12(b)(6). A Motion to Dismiss under Rule 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a defendant's Motion to Dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The Court need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977). Similarly, this court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1559 (7th Cir. 1991), cert. den. 502 U.S. 903 (1991). Further, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

## **ARGUMENT**

In *Heck v. Humphrey*, the Supreme Court established a doctrine barring a Plaintiff from seeking damages in a civil rights suit if the judgment would imply the invalidity of his

conviction, sentence, or action taken in prison disciplinary proceedings, unless that conviction or action had already been invalidated in another proceeding. *Heck,* 512 U.S. at 487 (1997). Specifically, the Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnotes omitted). Notably, the Supreme Court stated "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id*. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Until such underlying conviction or sentence has been overturned, invalidated or expunged, a court may "deny the existence of a cause of action." *Id*. at 489.

In *Savory*, the plaintiff brought multiple section 1983 claims against the defendants after he was released from prison and pardoned, including a Fourteenth Amendment due process claim. *Savory*, 947 F.3d at 412. In large part, *Savory* focuses on a line of cases derived from *Heck v. Humphrey* in instances where a claim accrues after a *Heck* bar has been lifted and claims where habeas relief is no longer available. *See Savory*, 947 F.3d 409. In *Savory*, the Seventh Circuit noted plaintiff's claim did not accrue, meaning he had no cause of action under § 1983, until Plaintiff's conviction was set aside by appeal, or in Savory's case, a pardon, even in instances where the inmate is no longer incarcerated and habeas relief is no longer available. *Id.* at 418; *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("In Heck, we held that where

success in a prisoner's 1983 damages action would implicitly question the validity of conviction or *duration of sentence*, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Emphasis added; internal quotations omitted).

Furthermore, the *Savory* court addresses a plaintiff's release from incarceration. *Id*. at 430 – 31. Specifically, the court disavowed language in any case that implies release from custody and unavailability of habeas relief means § 1983 must be available as a remedy. *Id*. at 420 (citing *Heck*, 512 U.S. at 490 n. 10). Courts cite this "favorable termination rule" as highlighting and resolving pragmatic concerns regarding the avoidance of duplicitous litigation and conflicting judgments within civil and criminal matters on the same subject matter. *Id*. at 421-422 (citing *McDonough v. Smith*, 139 S.Ct. 2149, 2156-57 (2019)). Federal law controls when a § 1983 claim accrues, presumptively when a plaintiff has a "complete and present cause of action." *McDonough*, 139 S.Ct. at 2155 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Plaintiff alleges he remained incarcerated at Vandalia Correctional Center in violation of his constitutional rights, and all counts are dependent upon this showing. [d/e 1]. Here, like in *Savory*, Plaintiff's due process, false imprisonment, and cruel and unusual punishment claims are akin to a malicious prosecution common-law tort. *Savory*, 947 F.3d at 417-18. To show a common-law malicious prosecution claim, Plaintiff must show proceedings and subsequent alleged liberty deprivations were caused by a criminal proceeding without probable cause for an improper purpose and that the proceedings terminated in favor of the accused. Restatement (Second) of Torts § 653.  In *Heck*, the Court noted malicious prosecution was the closest analogy, even when considering the torts of false arrest or imprisonment, because malicious

prosecution permits damages for discomfort, injury to health, or loss of time and deprivation of society. *Heck*, 512 U.S. at 484 (internal quotations omitted). It is evident from Plaintiff's Complaint that his underlying conviction and/or sentence have not been overturned or expunged. [d/e 1, ¶ 10-16]. Plaintiff alleges a "loss of liberty, mental anguish, humiliation, degradation, physical and emotional pain and suffering and other grievous and continuing injuries." [d/e 1, ¶ 39]. Plaintiff further alleges Defendants "caused the Office of the McHenry County States Attorney to initial [a] motion [to increase Plaintiff's MSR] as a means to justify" Plaintiff's continued incarceration. [d/e 1, ¶ 26, 27]. As Plaintiff has not received a favorable termination of the underlying sentence as required by *Heck* and *Savory*, Plaintiff's claims have not yet accrued. Therefore, Plaintiff has failed to state a claim upon which relief may be granted. As a result, Plaintiff's claims should be dismissed.

## CONCLUSION

Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted due to established law stating a Plaintiff's claims do not accrue and damages may not be sought where the judgment would imply the invalidity of Plaintiff's underlying conviction or sentence when there has not been a favorable termination. *Heck*, 512 U.S. at 487; *see also Savory*, 947 F.3d at 430-31.

WHEREFORE, Defendants respectfully request this Honorable court grant Defendants' Motion to Dismiss and grant whatever other relief the Court deems just and proper.

Respectfully submitted,

STEPHANIE WAGGONER and SHAWN DUFFY,

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

By:   s/Kyrstin B. Beasley
      Kyrstin B. Beasley #6323618
      Assistant Attorney General
      Metro East Office
      201 West Pointe Drive, Suite 7
      Belleville, Illinois  62226
      (618) 236-8781 Phone
      (618) 236-8620 Fax
      E-mail: KBeasley@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| LOGAN GREEN, ) | |
| ) | Case No. 20-CV-0965-SPM |
| Plaintiff, ) | |
| ) | Honorable Stephen P. McGlynn |
| v. ) | |
| ) | |
| STEPHANIE WAGGONER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2020, the foregoing document, ***Memorandum in Support of Defendants' Motion to Dismiss***, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Christopher W. Carmichael    ccarmichael@henderson-parks.com
    Devlin J. Schoop    dschoop@henderson-parks.com

and I hereby certify that on the same date, I caused a copy of the document to be mailed by electronic mail to the following non-registered participant:

    NONE

    By:    s/Kyrstin B. Beasley
           Kyrstin B. Beasley #6323618
           Assistant Attorney General
           Metro East Office
           201 West Pointe Drive, Suite 7
           Belleville, Illinois  62226
           (618) 236-8781 Phone
           (618) 236-8620 Fax
           E-mail: KBeasley@atg.state.il.us
                  gls@atg.state.il.us