IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| LOGAN GREEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-0965-SPM |
| | ) | |
| STEPHANIE WAGGONER and SHAWN DUFFY | ) ) | Judge Stephen P. McGlynn |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**I.  INTRODUCTION**

Defendants' motion to dismiss should be denied because it entirely mischaracterizes the nature of, and factual basis for, Plaintiff's lawsuit.  Plaintiff Logan Green is a former prisoner at Vandalia Correctional Center.  Green's basis for suit is that he was subjected to cruel and unusual punishment and denied due process in violation of the Eighth and Fourteenth Amendments, because he was incarcerated for one (1) year beyond his release date imposed pursuant to a 2011 judgment of conviction that has never been vacated.  *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016) ("Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference.")  Green has not alleged, nor remotely implied, that his underlying criminal conviction was the result of malicious prosecution and/or that the underlying criminal conviction is invalid either because of prosecutorial misconduct and/or Green's actual innocence of the crimes.  To the contrary, not only does Green agree that he was

lawfully tried, convicted and sentenced, but further acknowledges that his judgment of conviction remains valid and that his lawsuit could not be maintained unless his underlying conviction and resulting sentence <u>remained intact</u>. In other words, because Green's judgment of conviction was valid, but Defendants disobeyed Green's sentencing order by not timely releasing him due to their deliberate indifference, Green has a viable civil rights action under 42 U.S.C. §1983 consistent with *Figgs v. Dawson*. Because Green is not alleging a claim for malicious prosecution nor attempting to use §1983 to collaterally attack the validity his underlying criminal conviction, neither *Heck v. Humphrey* nor *Savory v. Cannon* apply and Defendants' motion to dismiss should therefore be **DENIED**.

## II.    LEGAL STANDARD

Rule 12(b)(6) only tests the legal sufficiency of the complaint and is not an opportunity to undertake fact-finding or weigh evidence. *One Wisconsin Inst., Inc. v. Nichol*, 155 F. Supp.3d 898, 901 (W.D. Wis. 2015). The Court considers only the facts alleged in the complaint. *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018), and must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the non-moving party (here, Plaintiff). *Hayes v. City of Chi*., 670 F.3d 810, 813 (7th Cir. 2012). A "complaint is not required to allege all, or any, of the facts logically entailed by the claim." *Bennett v. Schmidt,* 153 F.2d 516, 518 (7th Cir. 1998). As reiterated in *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714-15 (7th Cir. 2006):

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain" . . . should stop and think: "What rule of law requires a complaint to contain that allegation?" . . . [W]e reiterate that complaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule. Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b).[1]

---

[1] None of Green's claims are listed in Fed. R. Civ. P. 9(b).

The focus is whether the Complaint's factual allegations give the defendants "fair notice" of the claims for relief and whether those claims are plausible. *Bausch v. Stryker Corp.*, 630 F.3d 546, 559-62 (7th Cir. 2010) (reversing dismissal); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083-84 (7th Cir. 2008) ("the Court in [*Iqbal/Twombly*] made it clear that. . . notice-pleading is still all that is required.").[2] A complaint that invokes a recognized legal theory and contains plausible allegations on the material issues cannot be dismissed. *Jacobs v. City of Chi.*, 215 F.3d 758 (7th Cir. 2000); *Green v. Chvala*, 567 Fed. Appx. 458, 461 (7th Cir. 2014).

### III.  GREEN'S COMPLAINT

#### A.  The Factual Allegations Contained in the Complaint.

On December 15, 2011, in McHenry County Case No. 2011 CF 221, Green was sentenced on two (2) counts. (Ex. 1, ¶11) As to the first count, Green was sentenced to serve a three-year sentence and a mandatory supervised release ("MSR") of one year. (*Id.*) As to the second count, Green was sentenced to serve a six-year sentence and an MSR of two years. Both sentences were ordered to run concurrently. (*Id.*) As a result of the December 15, 2011 McHenry County sentencing order, Green's two sentences were to run concurrently for a total of four and one-half years with day-for-day good time credit and one and one-half years of MSR. (*Id.*, ¶13)

On May 13, 2016, Green was released and began to serve his MSR (parole) in Winnebago County. (*Id.*, ¶14) On January 30, 2017, while still on parole, Green was arrested and charged for two new unrelated criminal offenses occurring in DuPage County. (*Id.*, ¶13) A criminal proceeding captioned as *People of the State of Illinois v. Logan N. Green*, Case No. 17 CF 000186, was commenced in the Circuit Court of the Eighteenth Judicial District, in DuPage County,

---

[2] *Bennett* and *Kolupa* remain good law after *Iqbal/Twombly*. See *Tamayo*, 526 F.3d at 1082, n.2.

Illinois. (*Id.*, ¶14)  On or about January 30, 2017, Green received notice of intent that his new criminal charges could result in the termination of his parole. (*Id.*)

Green remained incarcerated in the DuPage County jail during the entire pendency of his 2017 DuPage County criminal proceeding. (*Id.*, ¶15)  On October 17, 2017, in the DuPage case, Green was sentenced to two 2-year sentences to run concurrently. (*Id.*, ¶16)  In or around December 2017, after he was transported to the Northern Reception Center (NRC) for the Illinois Department of Corrections, Green received an initial sentencing calculation sheet which indicated that his initial release date was May 13, 2020. (*Id.*, ¶18)  But that May 13, 2020 release date identified in the calculation sheet was incorrect <u>because it failed to account for Green's actual time already served and purported to impose additional MSR time not mandated under the original December 15, 2011 sentencing order entered by the McHenry County Circuit Court</u>. (*Id.*, ¶19)

Green attempted to submit a grievance form concerning the sentencing miscalculation while he was still at the NRC.  However, a correctional counselor at the NRC discouraged Green from doing so, telling Green to wait to file the grievance until he arrived at his permanent prison facility. (*Id.*, ¶20)  Once transferred to Vandalia in January 2018, Green promptly began to pursue internal grievance process, submitting a grievance form to a correctional counselor challenging the accuracy of his release date, emphasizing that Green's proper release date was December 12, 2017 <u>and that he was being unlawfully incarcerated beyond the term of his sentence as set forth in the December 15, 2011 sentencing order</u>. (*Id.*, ¶22)   Green's grievance was forwarded by the correctional counselor to Defendant Duffy, Vandalia's Records Office Manager. (*Id.*, ¶23)

Green and Duffy met in Duffy's office to discuss Green's grievance about his unlawful incarceration.  Duffy was dismissive of Green's grievance and told Green that he would need to "go to court" to be released from prison and that Duffy would not change Green's calculation because Defendant Duffy did not want to "lose his job." (*Id.*, ¶24)  After Green's 2018 meeting

4

with Duffy, the Office of the McHenry County State's Attorney filed a pleading in Green's long dormant McHenry County criminal proceeding styled as "People's Motion to Correct the Mittimus." (*Id*., ¶25) The state's attorney requested that the McHenry County Court enter an order to retroactively change Green's December 15, 2011 sentencing order for the purpose of increasing Green's MSR from two to four years. (*Id*., ¶26)

Given the timing of Green's grievance seeking his release and the sudden motion practice in Green's long-dormant McHenry County criminal matter, Green believes that that the Defendants caused the Office of the McHenry County States Attorney to initiate the motion as a means to justify what would otherwise be Green's unlawful incarceration. In other words, lawful compliance with the December 15, 2011 sentencing order would have required Green's release effective December 12, 2017 and that his continued incarceration by the Defendants beyond December 12, 2017 was a violation of a court order. (*Id*., ¶27)

On February 21, 2018, the McHenry County Circuit Court denied the motion to "correct" Green's sentencing order. (*Id*., ¶28) Green subsequently began to pursue his internal grievance with the Defendant Duffy, attempting to show Duffy Green's calculation sheet and attempting to explain that once all of Green's good-time credit and dates of actual incarceration were accounted for, it was clear that Green was eligible to be released effective December 12, 2017 as required by the December 15, 2011 sentencing order. (*Id*., ¶29)

Each time Green brought this issue to Duffy's attention, Duffy responded by either telling Green to "go to court" or telling Green that Duffy was "not going to do anything about it." (*Id*., ¶30) Green complained about Duffy's conduct to Defendant Stephanie Wagner – Vandalia's warden – informing Waggoner that Green should have been released in December 2017 according to the terms of his 2011 sentence. (*Id*., ¶¶31-34) When Waggoner told Green to raise the issue with Duffy, Green told Waggoner that he had, but that Duffy was refusing to take action

specifically telling Waggoner about Duffy's prior comments that Duffy was "not going to do anything about it." (*Id*.)

The situation continued for 10 months until Green's sentence was recalculated on December 13, 2018 and he was released the same day. (*Id*., ¶¶34-36) Green was never provided a verbal or written response to his grievances nor an explanation for why his sentencing calculation was ever changed. (*Id*.) He was released on December 13, 2018 after spending 366 days beyond his lawful sentence as dictated by his 2011 McHenry County mittimus. (*Id*.)

### B. Facts <u>Not</u> Alleged or Inferred in the Complaint.

Nowhere in the Complaint does Green allege or suggest that: (1) he was or is innocent of the underlying criminal convictions rendered by the McHenry or DuPage County Courts in 2011 or 2017, respectively; (2) that his criminal convictions were the result of the fabrication of evidence or false testimony from law enforcement (*i.e.*, malicious prosecution); (3) that there was no factual basis for his underlying criminal convictions (or that he contests those facts) or that the convictions themselves were legally deficient for *any* reason. Such allegations are simply not contained nor implied in Green's Complaint.

### IV. ARGUMENT

#### A. The Complaint Clearly Alleges a Cause of Action for Over-Detention Recognized by the Seventh Circuit's Decision in *Figgs v. Dawson*

As a matter of law, "[i]ncarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference."*Figgs*, 829 F.3d at 902. (deliberate indifference can be inferred against prison records officer due to lax or non-existent investigation into inmate's over-detention claim). Here, Green has alleged sufficient facts to put Defendants on fair notice that Green is claiming due process and cruel and unusual punishment claims on the basis that they were deliberately indifferent in investigating his claim

that his valid 2011 sentencing order was not being followed insofar as the sentencing calculation received upon his 2018 re-incarceration failed to account for time previously served on that 2011 sentence. As a result of Defendants' alleged deliberate indifference, Green spent an additional year in prison beyond his lawful sentence.

It is further alleged this was not an accident, but rather the result of deliberate indifference to be inferred from: (1) suspicious timing about how the McHenry County state's attorney sought to increase Green's time only after he complained to Duffy about his over-detention and; (2) the nature of relief that the state's attorney sought – a 2-year increase to Green's 2011 sentence would justify the otherwise incorrect sentencing calculation that IDOC was seeking to rely upon to continue Green's incarceration. These facts clearly allege violations of the Eighth and Fourteenth Amendment to survive a motion to dismiss at the Rule 12(b)(6) pleading stage. *See e.g.*, *Brzowski v. Sigler*, 17 CV 9339, Slip Op. at 4, 6 (N.D. Ill. Oct. 9, 2018)[3] (denying Rule 12(b)(6) motion to dismiss Plaintiff's claim that he was denied due process and subjected to cruel and unusual punishment after being held beyond his release date per Plaintiff's sentencing mittimus -- "[Plaintiff] alleges that he was denied release after he had served his *full sentence*. It is difficult to imagine a more fundamental deprivation of due process.") (emphasis in original).

Defendants ignore the facts actually alleged in the Complaint, and weave an alternative narrative premised on the conclusory assertion that Green's Complaint as being "akin to a malicious prosecution." (Dkt. 50, p. 4) Defendants' narrative is demonstrably incorrect because Green's basis for liability and damages stem from his continued incarceration beyond the term of his judgment of conviction, in violation of the sentencing order and nothing more. For this reason, Defendants' motion to dismiss should be denied.

---

[3] Attached as Exhibit 2.

      **B. The Complaint's Prayer for Relief does not constitute a collateral attack to Green's underlying criminal convictions rendering *Heck v. Humphry* inapplicable.**

It is undisputed that under *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiffs cannot maintain a §1983 action if success of their claim depends on invalidating or calling into question a state court criminal conviction. *See, e.g., Viramontes v. City of Chicago*, 840 F.3d 423, 427-428 (7th Cir. 2016) (holding §1983 excessive force action would be *Heck*-barred if the Complaint alleges facts that attack the validity of the Plaintiff's underlying criminal conviction or call into question the supporting factual basis for the conviction).

But Defendants' motion misapplies *Heck*. This lawsuit is not attacking the validity or otherwise calling into question the underlying factual basis for Green's criminal convictions or resulting sentences, either in 2011 or 2017. The Complaint explicitly alleges that Green was tried, convicted and sentenced twice in 2011 and 2017. (Ex. 1, ¶¶11, 16)  And there are no facts that directly or impliedly attack the validity of the judgments or resulting convictions.  In fact, Green's claims are <u>entirely dependent</u> on the validity of those judgments because those judgments and convictions dictate Green's sentence which controlled the calculation for his release date from prison.  But when, as alleged, the Defendants were deliberately indifferent in investigating Green's grievances that he was being held beyond his release date, they directly caused him to be held a year beyond the 2011 sentencing order rendered by a state court judge.  As such, *Heck* has no bearing on this Complaint because Green is not attempting to attack the sentencing order, but instead seeks compensatory and punitive damages for his one year of unlawful incarceration beyond his sentence proximately caused by Defendants' deliberate indifference in obeying the court's 2011 sentencing order.

### C. The Complaint Does Not Allege Facts or Inferences Suggesting Green Contends that His 2011 and 2017 Convictions are the result of malicious prosecution rendering *Savory v. Cannon* inapplicable.

Next, Defendants' reliance on *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) is similarly misplaced because *Savory* decided only when a §1983 malicious prosecution claim premised on alleged violations of the Fifth and Fourteenth Amendment accrues for purposes of a statute of limitations. That question bears no factual or legal relationship to Green's due process and cruel and unusual punishment claims stemming from his being unlawfully held beyond his release date according to his 2011 sentencing order. In *Savory*, the Plaintiff brought a 6-count complaint against individual police officers, alleging violations of the Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments, stemming from allegations that the officers coerced a false confession from the Plaintiff which resulted in his unlawful pre-trial detention and subsequent malicious prosecution, ultimately concluding in a wrongful conviction. 947 F.3d at 412-413.

The *Savory* Court, relying on *Heck v. Humphry*, held that that a §1983 malicious prosecution claim does not accrue unless or until the underlying criminal conviction has been vacated. But that is beside the point. Here, Green is **not** claiming that he was maliciously prosecuted and/or that his underlying criminal convictions are invalid. Green admits the validity of his convictions and is **not** claiming he was "framed" or "maliciously prosecuted." What Green **is** claiming is that his conviction was valid, but that the Defendants did not obey the resulting sentencing order because they essentially increased his sentencing by not following the sentencing order and giving him a release date that was not in compliance with Green's 2011 sentencing mittimus. Judges -- not employees of the Illinois Department of Corrections, such as these Defendants -- can impose a sentence. By their actions, Defendants were deliberately indifferent in causing Green to remain in prison beyond his lawful sentence which violates the Eighth Amendment according to the Seventh Circuit's decision in *Figgs v. Dawson*. Neither *Heck* nor

9

*Savory* have any impact on Green's claims as they do not involve allegations of malicious prosecution or seek to collaterally attack Green's underlying criminal convictions. Defendants' contrary arguments are unsupported by any facts (or reasonable inferences therefrom) alleged in Plaintiff's Complaint.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be **DENIED**. Further, Plaintiff requests that this case be designated as a "Track B" case according to Local Rule 16.2(a) and that the Court enter a date to convene an Initial Scheduling Conference pursuant to Local Rule 16.2 for the purpose of entering a proposed Rule 26(f) schedule to govern the case to the presumptive trial date to be set by the Court at the Initial Scheduling Conference.

Respectfully submitted,

**PLAINTIFF LOGAN GREEN**

/s/ Devlin Joseph Schoop
One of his Attorneys

Devlin Joseph Schoop
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2880
Facsimile: (312) 262-2881
dschoop@cochranfirm.com