# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOGAN GREEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CV _____ |
| | ) | |
| STEPHANIE WAGNER and SEAN DUFFY | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Logan Green complains of Defendants Stephanie Wagner and Sean Duffy as follows:

### Background

1. Defendants Stephanie Wagner and Sean Duffy wrongfully held Logan Green in the custody of the Illinois Department of Corrections for 366 days beyond his lawful sentence because the Defendants incorrectly calculated the time that Mr. Green was to be incarcerated and willfully refused to promptly comply with Mr. Green's grievances to be released when Mr. Green brought this miscalculation to the Defendants' attention.

2. Mr. Green should have been released on December 12, 2017, but Defendants kept him incarcerated until December 13, 2018, and refused to release him, despite Mr. Green having served his lawful sentence.

3. During his incarceration, Mr. Green filed numerous administrative grievances, pointing out Defendants' miscalculation of his release date and asking to be freed. Defendants willfully opposed Mr. Green's request to be released and were deliberately indifferent to his protests that his release date had been miscalculated and that IDOC miscalculated his release date and that he was being forced to remain incarcerated beyond his lawful term of imprisonment. The Defendants eventually capitulated, granted Mr. Green's grievance, and he finally was freed Mr. Green on December 13, 2018.

4. During the course of his unlawful incarceration, Mr. Green was unable to enjoy his freedom or meaningfully participate in the everyday functions of a normal life with his friends and family. Tragically, Mr. Green was unable to be present for his grandmother, who clung to the hope that she would have a final visit with her grandson as a free man. Unfortunately, Mr. Green's grandmother died while the Defendants steadfastly refused to release him despite Mr. Green having completed his sentence.

## Jurisdiction and Venue

5. Federal jurisdiction over this action is proper pursuant to 28 U.S.C. §§ 1331 and 1343(a) insofar as Plaintiff is alleging a violation of his civil rights pursuant to 42 U.S.C. §1983.

6. Venue is proper because acts or events giving rise to the complaint occurred in the Northern District of Illinois, Eastern Division.

14. On January 30, 2017, while still on parole, Mr. Green was arrested and charged for two new unrelated criminal offenses occurring in DuPage County. A criminal proceeding captioned as *People of the State of Illinois v. Logan N. Green*, Case No. 17 CF 000186, was commenced in the Circuit Court of the Eighteenth Judicial District, in DuPage County, Illinois.

15. Mr. Green remained incarcerated in the DuPage County jail during the pendency of his 2017 DuPage County criminal proceeding.

16. On October 17, 2017, Mr. Green was sentenced to two 2-year terms of imprisonment to run concurrently.

17. Upon his sentencing in DuPage County, Mr. Green was transferred to the Northern Reception Center ("NRC") for the IDOC.

18. In or around December 2017, while housed at the NRC, Mr. Green received, through internal prison mail, a calculation sheet that indicated that Mr. Green's release date was May 13, 2020.

19. The May 13, 2020 release date identified in the calculation sheet was incorrect insofar as it failed to account for Mr. Green's actual time served and purported to impose additional MSR time not mandated under the original December 15, 2011 McHenry County Circuit Court sentencing order.

20. Mr. Green attempted to submit a grievance form about the sentencing miscalculation while he was housed at NRC. However, a correctional counselor at

the NRC discouraged Mr. Green from doing so, telling Mr. Green to wait to file the grievance until he arrived at his "parent facility."[1]

21. In or around January 2018, Mr. Green was transported to Vandalia Correctional facility, which was his parent facility.

22. Once at Vandalia, Mr. Green promptly began to pursue the internal grievance process, submitting a grievance form to a correctional counselor challenging the accuracy of his release date, emphasizing that Mr. Green's proper release date was December 12, 2017 and that he was being unlawfully incarcerated beyond the term of his sentence as set forth in the December 15, 2011 sentencing order.

23. The correctional counselor forwarded Mr. Green's grievance to Defendant Duffy, who was Vandalia's Records Office Manager.

24. Once Mr. Green's grievance was received by Defendant Duffy, Mr. Green and Duffy met in Duffy's office to discuss Mr. Green's grievance about his unlawful incarceration. During the course of the meeting, Duffy was dismissive of Green's grievance, telling Mr. Green that he would need to "go to court" to be released from prison and that Duffy would not change Mr. Green's calculation because Defendant Duffy did not want to "lose his job."

---

[1] A "parent facility" is the correctional facility where an inmate is assigned to serve his or her term of incarceration until the Department of Corrections assigns the inmate to a different facility and/or the inmate is released.

25. After Mr. Green's meeting with Defendant Duffy, the Office of the McHenry County State's Attorney filed a pleading in Mr. Green's 2011McHenry County criminal proceeding styled as "People's Motion to Correct the Mittimus."

26. In that motion, the state's attorney requested that the McHenry County Court enter an order to retroactively change its December 15, 2011 sentencing order for the purpose of increasing Mr. Green's MSR from two to four years.

27. Upon information and belief, given the timing of Mr. Green's grievance seeking his release and the sudden motion practice in Mr. Green's long-dormant McHenry County criminal matter, Mr. Green believes that the Defendants caused the Office of the McHenry County States Attorney to initiate the motion as a means to justify Mr. Green's unlawful incarceration. In other words, lawful compliance with the December 15, 2011 sentencing order would have required IDOC to release Mr. Green on December 12, 2017, and his continued incarceration by the Defendants beyond December 12, 2017 was a violation of a court order.

28. On February 21, 2018, the McHenry County Circuit Court denied the motion to "correct" Mr. Green's sentencing order.

29. Mr. Green again pursued his internal grievance with Defendant Duffy, attempting to show Duffy the incorrect calculation sheet and to explain that once all of Mr. Green's good-time credit and dates of actual incarceration were accounted for, it was clear that Mr. Green was eligible to be released on December 12, 2017.

30. Each time Mr. Green brought this issue to Defendant Duffy's attention, Duffy responded by either telling Mr. Green to "go to court" or that Duffy was "not going to do anything about it."

31. Defendant Stephanie Wagner, in her capacity as the warden of Vandalia, would periodically conduct a tour of the prison and stop and engage prisoners about whether they had any issues. During one such tour, Mr. Green showed Defendant Wagner his grievance form and explained how he should have been released in December 2017.

32. Defendant Wagner directed Mr. Green to pursue his grievance with Defendant Duffy even after Mr. Green expressly told Wagner that Duffy previously had denied Mr. Green's grievance after telling Mr. Green to "go to court" and how Duffy was "not going to do anything about it."

33. After ten months of mounting numerous grievances and making complaints to Defendant Wagner, Defendant Duffy, on information and belief, eventually approved Mr. Green's grievance and recalculated Mr. Green's sentence.

34. Defendants Wagner and Duffy never provided Mr. Green with a verbal or written response to his grievances, nor explained the factual or legal basis for why his grievances had not been approved earlier or why he was held beyond the term of the court's sentencing order.

35. Mr. Green was released from IDOC on December 13, 2018.

36. In total, Mr. Green was held in IDOC for 366 days beyond his lawful sentence.

## COUNT I
## 42 U.S.C. § 1983 – VIOLATION OF DUE PROCESS
### (All Defendants)

37.     Paragraphs 1-36 are incorporated as if fully set forth herein.

38.     Mr. Green was wrongfully detained for an extra 366 days after he had served his lawful court-imposed sentence.

39.     As a result of that over-detention, Mr. Green suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering and other grievous and continuing injuries. Those injuries include, but are not limited to, the extreme emotional agony of not being present to visit with his grandmother who was ailing from, and eventually succumbed to, a terminal illness during the course of Mr. Green's unlawful incarceration.

40.     By depriving Mr. Green of his fundamental right to liberty, Defendants violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As Defendants were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. §1983.

41.     Defendants initially opposed Mr. Green's grievances to be released and falsely represented that Mr. Green was correctly incarcerated, thereby depriving him of due process of law.

42.     Defendants Wagner and Duffy, conscious of the unlawful nature of their actions, never provided Mr. Green with a verbal or written explanation for the unreasonable delay in considering and approving Mr. Green's grievance and

mandating his immediate release from prison in a manner consistent with the Court's sentencing order.

43. By refusing to comply with a lawful court order setting the parameters of Mr. Green's lawful sentence, particularly where the nature of their non-compliance was repeatedly brought to their attention, Defendants Wagner and Duffy demonstrated deliberate indifference to the violation of Mr. Green's constitutional rights to be free from unlawful incarceration beyond the term of his sentence.

**WHEREFORE**, Plaintiff Logan Green prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages and reasonable attorneys' fees sufficient to compensate Plaintiff for his injuries.

## COUNT II
## 42 U.S.C. § 1983 – FALSE IMPRISONMENT
### (All Defendants)

44. Paragraphs 1-43 are incorporated as if fully set forth herein.

45. The imprisonment of Mr. Green for 366 days without probable cause, or other lawful justification, was a direct result of the failure by IDOC to, among other things, not unnecessarily limit Mr. Green's freedom and violated his rights under the Fourteenth Amendments to the Constitution of the United States.

46. Defendants Wagner and Duffy, conscious of the unlawful nature of their actions, never provided Mr. Green with a verbal or written explanation for the unreasonable delay in considering and approving Mr. Green's grievance and

mandating his immediate release from prison in a manner consistent with the Court's sentencing order.

47. By refusing to comply with a lawful court order setting forth the parameters of Mr. Green's lawful sentence, particularly where the nature of their non-compliance was repeatedly brought to their attention, Defendants Wagner and Duffy demonstrated deliberate indifference to the violation of Mr. Green's constitutional rights to be free from unlawful incarceration beyond the term of his sentence.

**WHEREFORE**, Plaintiff Logan Green prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages and reasonable attorneys' fees sufficient to compensate Plaintiff for his injuries.

## COUNT III
## EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT
### (All Defendants)

48. Paragraphs 1-47 are incorporated as if fully set forth herein.

49. Defendants Wagner and Duffy were deliberately indifferent to Mr. Green's requests to be freed in a manner with the mandated by the December 15, 2011 McHenry County sentencing order.

50. Defendants Wagner and Duffy were aware that Mr. Green should not have been incarcerated or placed in segregation because Mr. Green filed numerous, detailed grievances informing Defendants Wagner and Duffy of the miscalculation of his time served and that he should be freed.

51. Defendants Wagner and Duffy, conscious of the unlawful nature of their actions, never provided Mr. Green with a verbal or written explanation for the unreasonable delay in considering and approving Mr. Green's grievance and mandating his immediate release from prison in a manner consistent with the Court's sentencing order.

52. By refusing to comply with a court order setting forth the parameters of Mr. Green's lawful sentence, particularly where the nature of their non-compliance was repeatedly brought to their attention, Defendants Wagner and Duffy demonstrated deliberate indifference to the violation of Mr. Green's constitutional rights to be free from unlawful incarceration beyond the term of his sentence.

**WHEREFORE**, Plaintiff Logan Green prays that the Court enter judgment for him and against Defendants and award Plaintiff compensatory damages and reasonable attorneys' fees sufficient to compensate Plaintiff for his injuries.

## COUNT IV
### INDEMNIFICATION – 5 ILCS 350/1

53. Paragraphs 1-52 are incorporated as if fully set forth herein.

54. Defendants were employees of the State of Illinois, as that term is used in 5 ILCS 350/1(b).

55. Defendants, pursuant to 5 ILCS 350/1, are entitled to indemnity provided the Defendants serve notice upon the State of any judgment entered herein.

WHEREFORE, Plaintiff Logan Green prays that Defendants be ordered to submit any award of compensatory damages, costs, and reasonable attorneys' fees entered against them to the State of Illinois for payment.

### PLAINTIFF DEMANDS TRIAL BY JURY

DATED: December 13, 2019

PLAINTIFF LOGAN GREEN

/s/ Devlin Joseph Schoop
One of his Attorneys

Victor P. Henderson
Devlin Joseph Schoop
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2880
Facsimile: (312) 262-2881
vhenderson@cochranfirm.com
dschoop@cochranfirm.com