# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER BRZOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 9339 |
| | ) | |
| JOHN R. BALDWIN, MICHAEL MELVIN, GUY PIERCE, NICHOLAS LAMB, BRENDA SIGLER, and DAVID HADLEY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

MATTHEW F. KENNELLY, District Judge:

Walter Brzowski alleges that he was wrongfully held in custody for 902 days—about two and one-half years—beyond the appropriate conclusion of his prison sentence. He spent seventeen months of this time in segregation. He filed grievances and petitions in court seeking release. In an order after he appealed from the denial of his petition for habeas corpus under 28 U.S.C. § 2254, the Seventh Circuit ruled that Brzowski had "made a substantial showing that he [was] being denied his right to due process of law by being kept in prison beyond his sentence of imprisonment." 2d Am. Compl., Ex. A at 1. Ultimately, in June 2017, the Illinois Appellate Court ruled that he had served his full sentence. *Id.*, Ex. B at 9. Brzowski was released from prison about six weeks later.

After his release, Brzowski filed the present lawsuit, in which he asserts claims

under 42 U.S.C. § 1983 for violation of his due process rights (Count 1) and his rights under the Fourth and Eighth Amendments (Counts 2 and 3), and for failure to intervene to prevent the violation of his rights (Count 4). Brzowski also asserts a state law claim (Count 5), alleging that the defendants are entitled to indemnity under state law and seeking an order directing them to submit any award of damages to the State of Illinois for payment.

## Discussion

The defendants have moved to dismiss Brzowski's claims under Federal Rule of Civil Procedure 12(b)(6). In considering the motion, the court accepts the complaint's well-pleaded allegations as true and draw all reasonable inferences in Brzowski's favor. *See Heng v. Heavner, Beyers & Milhar, LLC*, 849 F.3d 348, 351 (7th Cir. 2017). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to be accepted as true when considering a motion to dismiss. *Id.* at 681.

In 2012, Brzowski was convicted and sentenced in two felony cases. While his appeals from these convictions were pending, he completed his prison terms and began serving a term of mandatory supervised release (MSR). In October 2013, he was arrested for violating the terms of his MSR and was remanded to the IDOC in November 2013. In October 2014, Brzowski was found not guilty of the underlying criminal charge that had triggered the MSR violation. He then filed a state habeas corpus petition saying that he had served his time and should be released. While the petition was

pending, Brzowski's two earlier convictions were overturned on appeal, and the cases were remanded for new trials. One of the two cases was dropped on remand, and on the other he was resentenced to the same prison and MSR terms previously imposed. At the hearing at which this happened, the prosecutor told the court that Brzowski had already served his time. In fact he apparently had eight more days to serve, but no matter; he was not released.

Brzowski alleges that a memorandum prepared by defendant Brenda Sigler, the records department supervisor at Pontiac Correctional Center (where Brzowski was incarcerated) incorrectly stated that he had been received in IDOC custody in July 2015, rather than the correct date, which was in July 2011. Sigler later executed an affidavit stating the same thing. Brzowski challenged this through grievances, calling the error to Sigler's attention, to no avail.

Brzowski also alleges that he was placed in segregation at Pontiac in December 2015, due to a disciplinary ticket issued by defendant David Hadley, a correctional officer. Defendant Guy Pierce, who at a relevant time was Pontiac's warden, signed off on the report placing Brzowski in segregation. He was held in segregation for seventeen months.

Brzowski has named as defendants Sigler, Hadley, and Pierce, as well as John Baldwin, the Director of the Illinois Department of Corrections; Michael Melvin, who also served as Pontiac's warden at a relevant time; and Nicholas Lamb, warden of Stateville Correctional Center.

### 1. Count 1

On Count 1, Brzowski's due process claim, defendants argue that he does not

allege deprivation of a cognizable liberty interest. This argument is frivolous, at least on a motion to dismiss. Brzowski alleges that he was held in prison after his sentence was concluded. The cases defendants cite say that there is no right to *early* release, that is, release before expiration of a valid sentence. See Defs.' Mem. at 6 (citing *Toney-El v. Franzen*, 777 F.2d 1224, 1227 (7th Cir. 1985), and *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). But that is not what Brzowski contends—or at least the Court cannot appropriately read his complaint that way on a motion to dismiss for failure to state a claim. Rather, he alleges that he was denied release after he had served his *full sentence*. It is difficult to imagine a more fundamental deprivation of liberty.

Defendants also argue that Brzowski has not adequately alleged a violation of his due process rights because he had adequate state law remedies available. Without adjudicating whether that would be a proper basis for dismissal, the Court concludes that Brzowski has stated a viable claim.[1] Specifically, he alleges that defendants prevented him from availing himself of the claimed state law remedy by misleading the courts into believing that he was incarcerated correctly. See 2d Am. Compl. ¶¶ 1, 30, 31.

---

[1] Brzowski relies in part on Judge Robert Dow's decision in *Willis v. Tejeda*, No. 14 C 9150, 2016 WL 6822662 (N.D. Ill. Nov. 16, 2016), which permitted a due process claim by a person held past the conclusion of his sentence irrespective of the existence of a state law remedy. Judge Dow concluded that because the plaintiff was not simply alleging a miscalculation but was challenging, at least in part, the non-existence of procedures that would have prevented the wrong, the possibility of a state law remedy did not defeat the plaintiff's claim. Unlike in *Willis*, however, the Court does not see in Brzowski's current complaint allegations regarding the unavailability or inadequacy of procedures at the prison or the Department of Corrections to remedy his wrongful detention.

Defendants also argue that Brzowski has failed to allege the involvement of each of the defendants in the claimed due process violation. Here is where Brzowski's claim founders. With regard to Hadley and Pierce, Brzowski's primary allegations involve his allegedly improper placement in segregation. See 2d Am. Compl. ¶¶ 39-40 (Hadley and Pierce), 53 (Pierce). Brzowski says nothing about Hadley regarding the claim that he was held in prison beyond the conclusion of his sentence. With regard to Baldwin, Pierce, and Melvin, all that Brzowski alleges regarding this claim (as contrasted with his claim of improper placement in segregation) is that they "were deliberately indifferent to [his] requests to be freed." Id. ¶ 51. This bare conclusion is insufficient to support a false imprisonment claim against them. And Brzowski's complaint says nothing at all about Lamb other than a similarly conclusory allegation in the failure to intervene claim (Count 4). Id. ¶ 58. The Court dismisses Count 1 as to all defendants other than Sigler.

2. **Count** 2

Count 2, a Fourth Amendment false imprisonment claim, is based on the same underlying factual allegations as Count 1. The Court dismisses the claim as to all defendants other than Sigler for the same reasons just cited.

Defendants also argue that the claim is time-barred. As Brzowski argues, however, under *Manuel v. City of Joliet*, ___ F.3d ___, 2018 WL 4292913 (7th Cir. Sept. 10, 2018), his claim did not accrue for limitations purposes until he was released from custody. *Id.* at *2. Brzowski sued within two years of that date. Defendants are not entitled to dismissal of Count 2 on this basis.

3. **Count 3**

Count 3, a claim under the Eighth Amendment, appears to concern both

Brzowski's incarceration beyond the conclusion of his sentence and his allegedly improper placement in segregation. The Court dismisses this claim as to Baldwin, Melvin, and Lamb. As previously indicated, Brzowski alleges no facts in his second amended complaint about their actions or inaction concerning his alleged incarceration beyond his term. In particular, contrary to the contention in his response to the motion to dismiss, Brzowski does not allege in his complaint that any of these defendants were responsible for overseeing the review of the counseling summary that incorrectly calculated his time or any of the grievances that he filed. *See* Pl.'s Resp. at 8 (citing 2d Am. Compl. ¶¶ 5-6, 32-34). As previously discussed, however, Brzowski does allege Sigler's involvement in his incarceration beyond his release date.

With regard to his claim arising from his allegedly improper placement in segregation, Brzowski adequately alleges the involvement of Hadley, specifically his institution of a false disciplinary charge. With regard to Pierce, Brzowski alleges only that he "signed off on" the report placing Brzowski in segregation. 2d Am. Compl. ¶ 40. This bare allegation is insufficient to support a claim that Pierce was deliberately indifferent to the impropriety of the disciplinary charge. The same is true of Brzowski's allegation that Baldwin, Pierce, and Melvin "acted recklessly in placing [him] in segregation for 17 straight months, despite his pleas to be released." *Id.* ¶ 53. This is a conclusory allegation without any underlying factual support or even any description of exactly what these defendants did or failed to do. It is insufficient to support a claim against them.

The Court dismisses Count 3 as to defendants Baldwin, Pierce, Melvin, and Lamb but declines to dismiss this claim as to defendants Sigler and Hadley.

4. **Count 4**

Count 4 is a failure to intervene claim. it is essentially derivative of the other claims. Brzowski has adequately alleged the direct—not the indirect—involvement of Sigler in the claim that he was incarcerated too long and has adequately alleged the direct involvement of Hadley in the claim that he was improperly confined in segregation. No "failure to intervene" claim against these two defendants is necessary or appropriate for these claims. Beyond this, as previously discussed, Brzowski alleges nothing regarding the other defendants' involvement sufficient to support a claim against them. The Court dismisses Count 4 in its entirety.

5. **Count 5**

Count 5 is a claim under state law. Contrary to defendants' characterization of the claim, it is not alleged as a claim against the State of Illinois. Rather, it seeks in effect an injunction directing the individual defendants to submit any damages award to the State for indemnification. Thus the Eleventh Amendment presents no bar to the claim.

### Conclusion

For the reasons stated above, the Court dismisses Counts 1 and 2 of plaintiff's second amended complaint as to all defendants other than Sigler; dismisses Count 3 as to all defendants other than Hadley; dismisses Count 4 in its entirety; and declines to dismiss Count 5.

Date: October 9, 2018

_____
MATTHEW F. KENNELLY
United States District Judge