IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOGAN GREEN,

        **Plaintiff,**

v.

STEPHANIE WAGGONER, and
SHAWN DUFFY,[1]

        **Defendants.**

Case No. 20-cv-00965-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendants Waggoner and Duffy pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 49). Plaintiff Logan Green filed a response in opposition, Defendants filed a reply brief, Plaintiff Green filed a motion to strike the reply, and Defendants responded. (Docs. 52, 53, 54, 55, 56). For the following reasons, the motion to strike is granted and the motion to dismiss is denied.

### BACKGROUND

In considering a motion to dismiss, the Court accepts as true the following well-pleaded allegations of the Complaint. *See Lett v. City of Chi.,* 946 F. 3d 398, 399 (7th Cir. 2020). On December 15, 2011, Plaintiff Logan Green was convicted of criminal charges and sentenced on two counts by the 22nd Judicial Circuit Court in McHenry County, Illinois. (Doc. 1). As to the first count, he was sentenced to serve three years imprisonment and a one year term of mandatory supervised release ("MSR"). As to the second count, Green was sentenced to serve six years

---

[1] The Clerk of Court is directed to modify the docket to reflect the proper names of Defendants as identified in the motion to dismiss accordingly: Stephanie Waggoner ("Stephanie Wagner") and Shawn Duffy ("Sean Duffy"). (*See* Doc. 49).

imprisonment and two years of MSR. The court ordered the sentences to run concurrently for a total of four and one-half years with day-for-day good time credit and one and one-half years of MSR. Green was released and began to serve his parole in Winnebago Count, Illinois, on May 13, 2016.

On January 30, 2017, while still on parole, Green was arrested and charged for two new unrelated criminal offenses in DuPage County, Illinois. A criminal proceeding commenced, and Green remained incarcerated in the DuPage County jail during the pendency of the criminal proceeding. On October 17, 2017, Green was sentenced to two 2-year terms of imprisonment to run concurrently by the 18th Judicial Circuit Court. Upon sentencing, Green was transferred to the Northern Reception Center for the Illinois Department of Corrections ("IDOC").

Around December 2017, Green received a calculation sheet with a recorded release date of May 13, 2020. The calculation sheet was incorrect insofar as it failed to account for Green's actual time served and purported to impose additional MSR time not mandated under the original December 15, 2011 McHenry County Circuit Court sentencing order. Green filed a grievance challenging the accuracy of his release date and emphasizing his proper release date was December 12, 2017. He was transferred Vandalia Correctional Center ("Vandalia") in January 2018.

At Vandalia, Green again filed a grievance that was eventually forwarded to Defendant Duffy, Vandalia's Records Office Manager. A meeting was scheduled, at which Duffy told Green that he would not change Green's calculation and informed Green that Green would need to "go to court" to be released from prison.

After this meeting, the Office of the McHenry County State's Attorney filed a pleading in Green's criminal case styled as "People's Motion to Correct the Mittimus." The state's attorney requested the 22nd Judicial Circuit Court to enter an order retroactively change the December 15, 2011 sentencing order for the purpose of increasing Green's MSR from two to four years. The

Circuit Court denied the motion.

Green continued to bring the miscalculation of his sentence to Duffy's attention, but his requests for recalculation and release were dismissed. Green complained about Duffy's conduct to the Warden of Vandalia, Defendant Waggoner, and informed Waggoner that he should have been released in December 2017. After ten months of repeated complaints, Green's sentence was recalculated on December 13, 2018, and he was released the same day.

ARGUMENTS

Defendants argue that Green's claims should be dismissed for failure to state a claim because his claims have not yet accrued. (Doc. 50). Pursuant to the Supreme Court's ruling in *Heck v. Humphrey,* a plaintiff is barred from seeking damages in a civil rights suit if the judgment would imply the invalidity of his conviction, sentence, or action taken in prison disciplinary proceedings, unless that conviction or action had already been invalidated in another proceeding. (*Id.* at p. 2-3) (citing 512 U.S. 477, 487 (1994)). Furthermore, the Seventh Circuit in *Savory v. Cannon* expounding on the ruling in *Heck,* noted that a plaintiff had no cause of action under Section 1983 until the plaintiff's conviction was set aside, even in instances where the inmate is no longer incarcerated and habeas relief is no longer available. (*Id.* at p. 3) (citing 947 F. 3d 409 (7th Cir. 2020)). Defendants argue that it is clear from the Complaint that Green has not received a favorable termination of the underlying sentence, and thus, his claims have not yet accrued.

Green argues that his claims are not barred by the decisions in *Heck* or *Savory* because he is not challenging his underlying criminal convictions. (Doc. 52). He asserts that the Complaint puts forth allegations that Defendants disobeyed a valid sentencing order, and therefore, in order to pursue this lawsuit, his underlying conviction and resulting sentence must remain intact. In support of his position, Green cites to the Seventh Circuit decision in *Figgs v. Dawson,* where the Seventh Circuit provided that "[i]ncarceration beyond the date when a person is entitled to be

Page 3 of 6

released violates the Eighth Amendment if it is the product of deliberate indifference." (*Id.* at p. 6) (citing 829 F. 3d 895, 902-03 (7th Cir. 2016)).

**MOTION TO STRIKE**

Local Rule 7.1(c) provides that "reply briefs are not favored and should be filed only in exceptional circumstances." The party filing such a reply brief must state the exceptional circumstances in their reply. *Id.*

Defendants argue that exceptional circumstances exist justifying a reply to Plaintiff Green's response because Green misstates appropriate case law and Defendants' argument in his response in opposition to the motion to dismiss. (Doc. 53, p. 1) (citing SDIL-LR 7.1(c)). To refute Green's allegation that they cannot cite any facts or inferences supporting their position, Defendants reference *dicta* in *Wells v. Caudill*, in which the Seventh Circuit discusses how the decision in *Savory* "could be understood to mean that someone in [the plaintiff's] position needs to obtain a ruling from a state court establishing his proper release date." (*Id.* at p. 2) (citing 967 F. 3d 598, 601-602 (7th Cir. 2020)).

Green has moved to strike the reply brief filed by Defendants arguing Defendants have not articulated any exceptional circumstances that warrant its filing. (Docs. 54, 55). Green states that Defendants, instead, have used their reply brief to raise new arguments not included in their motion to dismiss. Because the arguments were not previously raised, they are waived, and the reply should be stricken. In the alternative, Green asks for leave to file a sur-reply *instanter*.

Defendants have failed to demonstrate exceptional circumstances warranting a reply, and their reply brief will be stricken. Defendants argue that exceptional circumstances exist because Green misstates the appropriate case law and their arguments, but they do not elaborate on this argument. They merely reassert their contention that Green has failed to state claim based on the *Heck* line of cases, specifically the *Savory* opinion, and then introduce an additional Seventh

Page 4 of 6

Circuit case that was not discussed in the motion to dismiss. General disagreement with opposing parties' arguments or framing of factual allegations does not provide exceptional circumstances. Additionally, the applicability and weight of the *dicta* in the *Wells* decision regarding the ability of state prisoners to seek damages in federal court for sentence miscalculations would require further briefing. *See Wells,* 967 F. 3d at 605 (Ripple, K., dissenting) (noting that Judge Easterbrook's discussion regarding the applicability of the Eighth Amendment to situations where an inmate is held beyond his lawful release date was raised without briefing and oral argument); *Dr. Robert L. Meinders, D.C., Ltd. V. UnitedHealthcare, Inc.,* 800 F. 3d 853, 858 (7th Cir. 2015) (finding that the district court denied a party's due process by denying the motion to strike a reply and then prohibiting the party leave to file a sur-reply brief). For these reasons, the motion to strike is **GRANTED.**

### MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co*., 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Green's claims, as pled in the Complaint, are not barred by the holdings in *Heck* or *Savory.*

Page 5 of 6

As Green argues, he is not challenging his underlying criminal convictions or resulting sentences. Green asserts that his constitutional rights were violated when IDOC staff held him beyond his release date as prescribed by the state courts. At this early stage, the Court does see how a judgment in favor of Green regarding Defendants' alleged conduct would invalidate his convictions or sentences. The Seventh Circuit has repeatedly found that allegations that corrections "staff intentionally held [an inmate] for too long state a claim under the Eighth Amendment." *Turner v. Godinez,* 693 F. App'x 449, 545 (7th Cir. 2017) (citing *Werner v. Wall*, 836 F.3d 751, 760–61 (7th Cir. 2016); *Figgs*, 829 F.3d at 902–03; *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). *See also Childress v. Walker,* 787 F. 3d 433 (7th Cir. 2015). Furthermore, as to his Fourteenth Amendment claim, it "is difficult to imagine a more fundamental deprivation of liberty," which required due process. (Doc. 50; Doc. 52-2, p. 3) (citing *Brzowski v. Baldwin*, No. 17-c-9339, slip op. at 3 (N.D. Ill. Oct. 9, 2018). *See also Armato v. Grounds,* 766 F. 3d 713, 722 (7th Cir. 2014) (finding that the plaintiff's due process claim regarding sentence miscalculation failed as a matter of law at the summary judgment phase).

Therefore, the Court finds that Green's claims have accrued, and his pleadings are sufficient to state a claim. The motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   June 14, 2021**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**